IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LUIS M. AVILA AND** | § | |
| **CELINA AVILA**, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-1009-L** |
| | § | |
| **JPMORGAN CHASE BANK, N.A.** | § | |
| **AND JPMORGAN CHASE BANK,** | § | |
| **NATIONAL ASSOCIATION**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion to Remand (Doc. 5), filed April 13, 2015; and

Plaintiffs' Motion to Stay Pending Ruling on Their Motion to Remand (Doc. 11), filed September

23, 2015. Having considered the motions, briefs, pleadings, the record, and applicable law, the court

**denies** Plaintiffs' Motion to Remand (Doc. 5); and **denies as moot** Plaintiffs' Motion to Stay

Pending Ruling on Their Motion to Remand (Doc. 11).

## I.    Factual and Procedural Background

This action involves wrongful foreclosure and breach of contract claims; a request for a

declaratory judgment regarding the validity of Defendants' mortgage lien; and a request for a

temporary restraining order to prevent Defendants from selling the property at issue. Plaintiffs Luis

M. Avila and Celina Avila (collectively, "Plaintiffs") originally filed this action against Defendants

JPMorgan Chase Bank, N.A.; JPMorgan Chase Bank, National Association (collectively, "JPMC");[1]

and bankruptcy trustee James L. Robertson[2] on February 27, 2015, in the 191st District Court, Dallas

County, Texas. On February 28, 2015, Plaintiffs faxed and e-mailed a copy of their Original Petition

to JPMC's counsel, Mary Speidel ("Speidel").   On March 2, 2015, Speidel sent an e-mail to

Plaintiffs' counsel confirming receipt of the correspondence.   JPMC then filed an answer in state

court on March 23, 2015.

On April 1, 2015, JPMC removed this action to federal court asserting that removal was

timely under 28 U.S.C. § 1446(b)(1). On April 13, 2015, Plaintiffs filed their Motion to Remand.

Plaintiffs argue that JPMC  was properly served on February 28, 2015, the date that Plaintiffs faxed

and e-mailed a copy of their Original Petition to Speidel.  Plaintiffs contend that JPMC waived

service under section 17.028 when it "accepted" receipt of the Original Petition on February 28,

2015.  Pls.' Reply 2.  Plaintiffs assert that JPMC's filing its answer in state court twenty-one days

after receiving receipt of the Original Petition is proof that JPMC accepted service on February 28,

2015.  Plaintiffs, therefore, contend that JPMC's removal was untimely because it was not done

within thirty days after accepting service on February 28, 2015.

JPMC responds that Plaintiffs' attempt at serving its foreclosure counsel by fax and e-mail

was ineffective and did not trigger the thirty-day removal deadline under 28 U.S.C. § 1446(b)

because Plaintiffs did not comply with Texas Civil Practice & Remedies Code § 17.028(b).  JPMC

---

[1] The court refers collectively to the JPMorgan Defendants as "JPMC" because, according to the JPMorgan Defendants, JPMorgan Chase Bank, N.A.; and JPMorgan Chase Bank, National Association are the same entity, even though Plaintiffs' pleadings refer to them as separate entities.

[2] On September 29, 2015, Plaintiffs dismissed their claims against James L. Robertson (Doc. 15).

**Memorandum Opinion and Order – Page 2**

contends that instead of serving CT Corporation System, its registered agent for service of process, in accordance with section 17.028(b), Plaintiffs served Speidel, its foreclosure counsel.  JPMC further contends that, although its statutory thirty-day deadline may have been triggered when it filed an answer in state court, removal was timely because it removed the case to federal court nine days after filing an answer.

## II.    Applicable Law

Section 1446 of Title 28 governs the procedures necessary for a party to remove an action from state to federal court:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 20 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  The United States Supreme Court has interpreted this language to mean that "a defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)).  As the removing party, JPMC has the burden of demonstrating that the procedural requirements of section 1446(b) have been satisfied. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Section 17.028(b) of the Texas Civil Practice and Remedies Code governs service on a financial institution in Texas.  For service to be proper under Section 17.028(b), a plaintiff must serve the financial institution's registered agent or, if no such agent exists, serve the financial

institution's president or branch manager at any office located in Texas.  *See* Tex. Civ. Prac. & Rem.

Code Ann. § 17.028(b).  Under Texas Rule of Civil Procedure 119, a defendant:

> may accept service of process, or waive the issuance or service thereof by written memorandum signed by him, or by his duly authorized agent or attorney, after suit is brought, sworn to before a proper officer other than an attorney in the case, and filed among the papers of the cause, and such waiver or acceptance shall have the same force and effect as if the citation had been issued and served as provided by law.

Tex. R. Civ. P. 119.  When a defendant files an answer in state court or makes an appearance, such

answer or appearance dispenses with the necessity for formal service of process under Texas law.

*See* Tex. R. Civ. P. 120 ("The defendant may, in person, or by attorney, or by his duly authorized

agent, enter an appearance in open court [and] such appearance . . . shall have the same force and

effect as if the citation had been duly issued and served as provided by law."); Tex. R. Civ. P. 121

(An "answer shall constitute an appearance of the defendant so as to dispense with the necessity for

the issuance or service of citation upon him.").

## III.    Discussion

JPMC is a financial institution.  Plaintiffs were, therefore, required to serve JPMC in

accordance with section 17.028(b) of the Texas Civil Practice and Remedies Code by serving

JPMC's registered agent.  In the absence of a registered agent, Plaintiffs were required to service

JPMC's president or a branch manager at any office located in the state.  Plaintiffs acknowledge in

their pleadings that JMPC's has a registered agent for service of process and that agent is CT

Corporation System.[3]  JPMC also provided evidence which shows that its registered agent for service

---

[3] *See* Pls.' Orig. Pet. ¶3 ("The Chase defendants may be served by serving their agent for service of process: CT Corporation at 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.").

of process is CT Corporation System.[4]  Instead of serving CT Corporation System, Plaintiffs e-mailed and faxed a copy of their Original Petition to JPMC's foreclosure counsel.  Because Plaintiffs failed to serve CT Corporation System as required by section 17.028, their attempt at service on JPMC in a manner inconsistent with section 17.028(b) was ineffective. Speidel's confirmation of receipt of Plaintiffs' notice of suit is insufficient to establish waiver under Texas Rules of Civil Procedure 119 because the confirmation was not in the form of a written memorandum "sworn to before a proper officer other than an attorney in the case, and filed among the papers of the cause." Tex. R. Civ. P. 119.  Moreover, as previously noted, "a defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." *City of Clarksdale*, 428 F.3d at 210.  Accordingly, Plaintiffs' informal notice of their Original Petition did not trigger the time for removal under 28 U.S.C. § 1446(b).

The court, however, concludes that JPMC's filing of its answer in state court on March 23, 2015, constitutes a formal appearance, which has the same force and effect as if service of process had been performed in accordance with Texas law on that date. *See* Tex. R. Civ. P. 120, 121.  Thus, service on JPMC did not occur until March 23, 2015.  Because JPMC removed the case to federal court nine days after filing its answer, its removal was timely.  Accordingly, JPMC has met its burden of showing that removal was timely under section 1446(b), and the court will deny Plaintiffs' Motion to Remand.

---

[4] In support of its response to the Motion to Remand, JPMC provided a copy of the business organization record for JPMorgan Chase Bank, National Association that is publicly available on the Texas Secretary of State's website at https://direct.sos.state.tx.us and lists CT Corporation System as the financial institution's registered agent for service of process.  JPMC's Resp. Ex. A.

**Memorandum Opinion and Order – Page 5**

## IV.      Conclusion

For the reasons stated, JPMC's removal of this case to federal court was timely. Accordingly, the court **denies** Plaintiffs' Motion to Remand (Doc. 5) and **denies as moot** Plaintiffs' Motion to Stay Pending ruling on Their Motion to Remand (Doc. 11).

**It is so ordered** this 21st day of October, 2015.


_____
Sam A. Lindsay
United States District Judge